Wilbert Eugene PROFFITT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 75–2062.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1976.

Decided Aug. 25, 1976.

Certiorari Denied Jan. 25, 1977.

See 97 S.Ct. 818.

Richard A. Williamson, Williamsburg, Va., for appellant.

Theodore S. Greenberg, Asst. U. S. Atty. (William B. Cummings, U. S. Atty., Norfolk, Va., J. Frederick Sinclair, Asst. U. S. Atty., Alexandria, Va., on brief), for appellee.

Before BOREMAN, Senior Circuit Judge, WIDENER, Circuit Judge, and HADEN, District Judge.*

WIDENER, Circuit Judge:

Wilbert Eugene Proffitt appeals from the district court's denial of his motion for relief under 28 U.S.C. § 2255 and the denial of his motion under F.R.Cr.P. 35 to correct an illegal sentence. We affirm in part, vacate in part, and remand to the district court for an evidentiary hearing as to one part of the case.

On March 22, 1971, in Cr.No. 22–71–A, Proffitt was found guilty of conspiring to rob the Dale City Branch of the American Bank, a federally-insured bank, in violation of 18 U.S.C. § 371 (Count I); robbing a federally-insured bank by force, violence and putting life in jeopardy by the use of dangerous weapons in violation of 18 U.S.C.

§§ 2113(a) and (d) (Count II); and bartering and disposing of the proceeds of the robbery in violation of 18 U.S.C. § 2113(c) (Count V).

On June 11, 1971, in Cr.No. 21–71–A, Proffitt was found guilty of conspiring to rob the Nokesville branch of the same federally-insured bank in violation of 18 U.S.C. § 371 (Count I); and attempting to rob a federally-insured bank by force, violence and putting life in jeopardy by the use of dangerous weapons in violation of 18 U.S.C. §§ 2113(a) and (d) (Count II).

Sentencing on all counts occurred at the conclusion of the second trial. In Cr.No. 22–71–A, the Dale City robbery, Proffitt was sentenced to five years for conspiracy, 20 years for robbery under 18 U.S.C. §§ 2113(a) and (d), to run consecutively to the conspiracy sentence, and 10 years for bartering and disposing of the proceeds under 18 U.S.C. § 2113(c), to run concurrently with the sentences for conspiracy and robbery.

In Cr.No. 21–71–A, the Nokesville attempted robbery, Proffitt was sentenced to five years for conspiracy, and 20 years for attempted robbery under 18 U.S.C. §§ 2113(a) and (d), to run consecutively to each other, and together to run concurrently with the sentences received in Cr.No. 22–71–A. Proffitt was thus sentenced to 25 years in No. 22–71–A and 25 years in No. 21–71–A, to run concurrently, for an aggregate of 25 years.

This court affirmed by per curiam opinion in Nos. 71–1688 and 71–1693 (1971).

On appeal, Proffitt challenges the competency of court-appointed counsel at both trials and seeks the correction of an illegal sentence in No. 22–71–A.

■ In No. 22–71–A, Proffitt was sentenced under three counts, one of which was under 18 U.S.C. §§ 2113(a) and (d), and one of which was under § 2113(c). We conclude that Proffitt should not have been sentenced under both counts for violation of

* United States District Court for the Northern and Southern Districts of West Virginia, sitting by designation.

§ 2113. In *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the Supreme Court held that one could not be convicted both for robbery in violation of 18 U.S.C. § 2113(d) and for receiving the proceeds of the robbery in violation of 18 U.S.C. § 2113(c). While Proffitt was indicted and found guilty of bartering and disposing of the proceeds of the robbery, not for possessing the proceeds, we conclude that *Heflin* is nevertheless applicable. In *Heflin*, the count brought under § 2113(c) charged that petitioner did "receive, possess, conceal, store, and dispose" of the stolen money, not merely that he did possess. More importantly, the Court said ". . . subsection (c) was not designed to increase the punishment for him who robs a bank but *only to provide punishment for those who receive loot from the robber.* We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery. It may be true that in logic those who divide up loot following a robbery receive from robbers and thus multiply the offense. But in view of the legislative history of subsection (c) we think Congress was trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves." 358 U.S. at 419–420, 79 S.Ct. at 454. (Italics added) We are of opinion that *Heflin* should be construed so that when one is convicted for robbery under §§ 2113(a) and (d), as here, and also for bartering under § 2113(c), both convictions may not be sustained. Proffitt did not receive loot from the robber.

The government offered evidence which tended to show possession and bartering of the stolen money at a later time than that of the robbery, as well as participation in the robbery itself. The petitioner argues that *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), requires a new trial on both the robbery and bartering counts. We follow the concurring opinion of Mr. Justice White in *United States v. Gaddis*, 424 U.S. 544, 553,

96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), and set aside only the conviction and sentence on the § 2113(c) conviction. The judgment of conviction and sentence under § 2113(c) in No. 22–71–A is vacated in accordance with the remedy prescribed in *Gaddis*, 424 U.S. 544, 549, 96 S.Ct. 1023 (1976).

Proffitt claims that it was error for the district court to dismiss certain of his allegations concerning ineffective counsel without an evidentiary hearing. He alleged that court-appointed counsel requested $10,-000 to "get him off,"[1] was unprepared for trial, and failed to call material witnesses.

■ Proffitt did not particularize his claims as required by the district court, and we think that court was justified in treating those claims as either conclusory or refuted by the record and in not granting relief. We especially note that on appeal the claims are not particularized.

Proffitt, however, also claims that counsel failed to inform him of the result of his appeal to this court and of his right to petition the Supreme Court for certiorari. The district court incorrectly held there was no such duty on the part of his attorney.

"If the judgment of this Court is adverse to the defendant, appointed counsel shall inform the defendant, in writing, of his right to petition the Supreme Court of the United States for a writ of certiorari. If requested by the defendant to do so, he shall prepare for filing in the Supreme Court and transmit to the defendant, a timely petition for such a writ. Then and thereafter, unless otherwise instructed by the Supreme Court or its Clerk or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, and until relieved of further responsibility by the Supreme Court, he shall take such further steps as may be necessary to the protection of the rights of the defendant." *Plan of the United States Court of*

---

1. Proffitt states in his petition that the attorney "failed to adequately present an effective appeal" because Proffitt did not pay the $10,000. While this is not the basis of our remand on the claim that a petition for certiorari was not filed, it may be explored on remand should Proffitt be so advised.

*Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, Part VI (B)(2).* See also F.R.Cr.P. 44(a); *Doherty v. United States,* 404 U.S. 28, 92 S.Ct. 175, 30 L.Ed.2d 149 (1971) (especially p. 29, 92 S.Ct. 175, et seq., Mr. Justice Douglas concurring).

That part of the case concerning the filing of a petition for certiorari must be remanded to the district court for an evidentiary hearing, if required, to determine whether Proffitt was denied effective assistance of counsel in that respect only.

*AFFIRMED IN PART: VACATED IN PART; and REMANDED.*