976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Alfred R. MASTERS, Defendant-Appellant.
 No. 91-6100.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 31, 1992
Decided: September 22, 1992
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-89-44-C, CA-91-57-P)
 Alfred R. Masters, Appellant Pro Se.
 J. Christopher Belcher, United States Department of Justice, Washington, D.C., for Appellee.
 W.D.N.C.
 Affirmed in part and reversed in part.
 Before HALL, NIEMEYER, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Proceeding pro se, Alfred D. Masters appeals the district court's order granting summary judgment for the Government and dismissing Masters's 28 U.S.C. § 2255 (1988) motion. We find that most of Masters's claims lack merit, but that the district court erred by granting the Government summary judgment on the issue of ineffective assistance of counsel at the post-appeal stage. Accordingly, we affirm in part and reverse in part.
 
 
 2
 In 1989, Alfred D. Masters was indicted by a federal grand jury on multiple counts of tax fraud. The Government contended that Masters and his partner bought musicians' master sound recordings at artificially high prices, paid for them with sham promissory notes,[1] and then leased them to investors to whom they promised investment tax credits based on the inflated purchase price. A jury convicted Masters on all counts and the district court sentenced him to a total of six years in prison. On appeal, this Court affirmed his convictions. United States v. Masters, No. 90-5154 (4th Cir. Jan. 28, 1991) (unpublished). Masters then filed a motion pursuant to 28 U.S.C.s 2255 (1988) to vacate, set aside, or correct his sentence, alleging five grounds of error.
 
 
 3
 First, Masters charges that the bill of indictment was defective because the Government deprived him of due process by misleading the grand jury. Second, Masters claims that the magistrate judge's recommendation that Masters's motion to dismiss the indictment be denied was erroneous because, due to the vagueness of the tax laws, Masters did not have criminal intent to violate the law. Third, claiming that his case turns on an issue of law rather than on an issue of fact, Masters asserts that the district court erroneously adopted the magistrate judge's recommendation to deny the motion to dismiss the indictment. Fourth, Masters argues that the Government proposed improper jury instructions on the applicable law in this case and misrepresented facts and law to the district court. Finally, Masters claims that he was deprived of effective assistance of counsel.
 
 
 4
 The district court granted summary judgment for the Government on all five issues.[2] This Court reviews de novo a district court's grant of summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988).
 
 A.Errors in Grand Jury Proceedings
 
 5
 The first ground that Masters raises deals with errors in the grand jury proceedings. Even if Masters's allegations are true, the petit jury's conviction of Masters renders such errors harmless. United States v. McKie, 831 F.2d 819, 821-22 (8th Cir. 1987); see also Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (dismissal of indictment on grounds of prosecutorial misconduct is inappropriate absent prejudice to defendant). Furthermore, Masters did not allege grand jury errors in his motion to dismiss the indictment as required by Fed. R. Crim. P. 12(b)(2).[3] Failure to raise this objection constitutes a waiver of the objection unless the defendant shows actual prejudice. Fed. R. Crim. P. 12(f); Davis v. United States, 411 U.S. 233, 245 (1973). No such prejudice exists in this case, and the district court properly denied relief.
 
 
 6
 B.Collateral Attack on Issues Raised on Direct Appeal
 
 
 7
 The issues Masters raises in his second and third grounds for relief already were raised unsuccessfully on direct appeal. Unless there has been a change in the law between a direct appeal and a collateral attack on a conviction, issues that were decided on direct appeal will not be considered in collateral challenges. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Masters does not allege that any material changes in law occurred between the direct appeal and the § 2255 motion. To the extent Masters put a new slant on these claims-arguing that his conduct was legal, not just that it was not clearly illegal-they are without merit. Accordingly, the district court properly dismissed the second and third grounds of Masters's petition.
 
 C.Collateral Attack on Jury Instructions
 
 8
 Masters's fourth claim asserts essentially that the prosecution proposed improper jury instructions regarding the applicable law on cost basis. This nonconstitutional issue could have been raised on direct appeal but was not. Nonconstitutional claims that could have been raised on direct appeal but were not cannot be raised in collateral actions such as § 2255 motions. Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). Accordingly, the district court properly granted summary judgment on this issue.
 
 D.Ineffective Assistance of Counsel
 1.Legal Assistance Through the Appeal
 
 9
 Masters also claims that he was deprived of effective assistance of counsel, stating that his attorney did not prepare adequately for trial. Specifically, Masters claims counsel failed to research the Internal Revenue Code, 26 U.S.C.A. § 9510 (West 1985 & Supp. 1991) and the Treasury Regulations, 26 C.F.R. §§ 1-602.101 (1991), and thereby establish defenses available to Masters. He also asserts unsubstantiated claims that the motions counsel submitted were copied from his co-defendant, and that counsel lied, refused to respond to Masters's telephone calls or letters, and failed to correct the presentence report.
 
 
 10
 The Supreme Court established a two prong test for determining whether a defendant received ineffective assistance of counsel. First, the petitioner must show that his attorney's performance failed to meet an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Second, the petitioner must show that but for his lawyer's inadequacies, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694. It is not necessary for a court to consider an attorney's performance if an ineffective assistance claim can be disposed of on the grounds of lack of prejudice. Id. at 697.
 
 
 11
 In this case, even if he proved the deficiencies he alleges, Masters failed to establish that he was prejudiced by counsel's performance. Masters's conviction was based on the fact that he used sham notes to inflate the cost basis of the master sound recordings, and none of the provisions he cites provide a defense to such conduct. Furthermore, Masters failed to establish a reasonable possibility of a different outcome if counsel in fact were guilty of the conduct Masters alleges, such as failing to respond to phone calls or duplicating his codefendant's motions. Accordingly, Masters failed to establish ineffective assistance of counsel before and during his trial.
 
 2.Post-Appeal Assistance
 
 12
 Masters's attorney refused to file a petition for rehearing in this Court after Masters's conviction was affirmed. In his affidavit, counsel acknowledged that he refused to file such a petition because he "could not certify to the Fourth Circuit that the Petition for Rehearing was meritorious." Instead, he filed a Motion for Extension of Time so Masters could file a pro se petition for rehearing. Counsel also stated in his affidavit that for the same reason he told Masters he would not file a petition for writ of certiorari with the United States Supreme Court, although Masters asked counsel to file such a petition.
 
 
 13
 If his client wishes to petition for certiorari of a judgment affirming a criminal conviction, a court-appointed lawyer must represent him in filing the petition. Wilkins v. United States, 441 U.S. 468, 469 (1979); Proffitt v. United States, 549 F.2d 910, 912 (4th Cir. 1976) (remanding § 2255 claim alleging failure to advise of right to petition for certiorari), cert. denied, 429 U.S. 1076 (1977). This Court's Internal Operating Procedure ("I.O.P.") 46.3 and Plan in Implementation of the Criminal Justice Act of 1964 ("Plan") require court-appointed counsel to inform clients in writing of the right to petition for certiorari and to file a petition if so requested. Plan, Part V, § 2. The remedy for a breach of this duty is re-entry of the judgment on appeal to permit the defendant, with the assistance of counsel, to file a timely petition for certiorari. See Wilkins, 441 U.S. at 470.
 
 
 14
 Masters was denied the assistance of counsel mandated by this Court's Plan because, by counsel's own admission, he refused Masters's request to file a petition for certiorari. See Bell v. Lockhart, 795 F.2d 655, 657-58 (8th Cir. 1986) (regardless of likelihood of success, failure to file appeal after a request to do so constitutes ineffective assistance of counsel). Accordingly, re-entry of judgment and appointment of counsel to assist Masters in petitioning for certiorari is appropriate.
 
 
 15
 This Court's Plan does not specifically require court-appointed counsel to file a petition for rehearing if requested by his client. Where, as here, counsel, in the exercise of professional judgment, could find no grounds for rehearing but did assist his client by moving for an extension of time, we cannot find a denial of effective assistance. Nevertheless, we note that the time for filing a rehearing petition begins anew upon the re-entry of judgment to accommodate Masters's right to petition for certiorari, and that Masters is free to petition for rehearing.
 
 Conclusion
 
 16
 Most of Masters's claims are meritless. However, Masters's counsel breached his duty to represent Masters in filing a petition for certiorari. Accordingly, we affirm the district court's grant of summary judgment on Masters's first four grounds for relief and a portion of his fifth ground. We reverse the order granting summary judgment on the issue of ineffective assistance of counsel in refusing to petition for certiorari. The proper remedy is for this Court to recall its previous mandate, vacate and reenter judgment in No. 90-5154, United States v. Masters, grant Masters permission to proceed in forma pauperis, and appoint new counsel to assist him in petitioning for certiorari. See Sotelo v. United States, 474 U.S. 806 (1985). This Court is entering an order granting Masters this remedy. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND REVERSED IN PART
 
 
 [1]
 Masters would buy the recordings with a small amount of cash and a fake promissory note and then would claim as his cost basis the sum of the cash and the note. Masters made few, if any, payments on the notes and the sellers conceded that they would have sold the recordings for the cash amounts Masters paid
 
 
 [2]
 Masters should have been given Roseboro notice because the Government filed an affidavit from Master's lawyer in support of its Motion for Summary Judgment. Although the district court failed to give such notice, the error was harmless because: (1) Masters in fact filed a response; and (2) counsel's affidavit was unnecessary to the court's decision on the issues we here affirm
 
 
 [3]
 Fed. R. Crim. P. 12(b)(2) provides in part that "[d]efenses and objections based on defects in the indictment or information ... must be raised prior to trial."