**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-7140

JEFFREY WOODHOUSE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-92-113, CA-95-243)

Submitted: March 12, 1996

Decided: May 28, 1996

Before WIDENER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jeffrey Woodhouse, Appellant Pro Se. Laura Marie Everhart, Assis-
tant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jeffrey Woodhouse was convicted of conspiracy to possess and to distribute cocaine and three related cocaine offenses. 21 U.S.C. §§ 841(a)(1), 846 (1988). He was sentenced to four concurrent 163-month prison terms. After this court affirmed his conviction and sentence on direct appeal, United States v. Harris , 39 F.3d 1262 (4th Cir. 1994), Woodhouse brought a 28 U.S.C. § 2255 (1988) motion in district court. In his motion, Woodhouse claimed that he received ineffective assistance of counsel at sentencing and on appeal. After receiving the Government's response, the district court entered an order denying Woodhouse's motion. Because we find a genuine issue of material fact concerning Appellant's claim that he was not advised of his right to petition the United States Supreme Court for a writ of certiorari, we affirm the district court's order in part, vacate in part, and remand for further proceedings.

Because the district court relied on evidence beyond the parties' pleadings, its order was in the nature of summary judgment. See Fed. R. Civ. P. 56(c). This court reviews de novo a district court's grant of summary judgment, and affirms only if the record reveals no genuine issue of material fact. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3257 (U.S. Oct. 4, 1994) (Nos. 93-1839, 94-9). A genuine issue of material fact exists when, viewed in the light most favorable to the nonmovant,"the evidence presents a sufficient disagreement to require submission to a jury." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). At summary judgment, all issues of credibility are resolved in the nonmovant's favor. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990), cert. denied, 498 U.S. 1109 (1991). A party moving for summary judgment must show the lack of evidence to support his opponent's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). However, the nonmovant then bears the burden of demonstrating the presence of a contested issue of fact. The nonmovant must point to specific evidence establishing a triable dispute, and cannot rely upon bare allegations. Anderson, 477 U.S. at 248; Fed. R. Civ. P. 56.

In his § 2255 motion, Woodhouse raised four claims of ineffective assistance of counsel: (1) failure to assert any defense or position rela-

2

tive specifically to Woodhouse in his consolidated direct appeal; (2) failure to review the presentence investigation report (PSR) with Woodhouse or "to assert a position under relevant conduct before sentencing;" (3) failure to challenge the sentencing court's aggregation of cocaine base and powder to set his offense level; and (4) failure to advise Woodhouse of his right to petition the Supreme Court for writ of certiorari. To prevail on an ineffective assistance claim, a petitioner must show that defense counsel's representation fell below an objective standard of reasonably effective assistance under prevailing professional norms, and that but for counsel's unprofessional errors the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Briley v. Bass, 750 F.2d 1238, 1247 (4th Cir. 1984), cert. denied, 470 U.S. 1088 (1985). The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and must filter from its analysis the distorting effects of hindsight. Bunch v. Thompson , 949 F.2d 1354, 1363-64 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992).

Woodhouse was tried with several of his co-conspirators, and his direct appeal was consolidated with those of co-conspirators Harris, Boone, Caldwell, McLaughlin, Braxton and Calloway. Harris, 39 F.3d 1262. Woodhouse asserts that counsel failed to assert any claim or position specific to him. However, six of the fourteen issues raised on direct appeal concerned Woodhouse.[1]  Therefore, we find no merit to his claim. To the extent that Woodhouse faults counsel's failure to raise any claims unique to him, he neither identifies any such claims nor explains how they would have affected the outcome of his appeal.

Woodhouse next avers that counsel failed to review the PSR with him. As a result, he claims that counsel failed to properly challenge the drug quantities attributed to him in paragraphs nineteen, thirty-one, thirty-two, and thirty-three of the offense conduct section of the

---

[1] The six claims were: (1) failure to instruct the jury on the possibility of multiple conspiracies; (2) violation of sequestration order by prosecution witnesses; (3) prosecution's introduction of invalid summary exhibit; (4) error in the quantity of drugs attributed to Defendants; (5) the disparity between penalties for cocaine base and powder; and (6) sufficiency of the evidence.

3

report. In his affidavit, counsel states that he reviewed the PSR with Woodhouse.

Assuming that counsel did not review the PSR with Woodhouse, he cannot show either deficient performance by counsel or prejudice. Prior to sentencing, counsel noted objections to paragraphs thirteen, nineteen, twenty, twenty-seven through thirty-four, and fifty-four of the PSR. Moreover, counsel strongly argued against the drug quantities attributed to Woodhouse in these sections. As a result, the sentencing court removed the following drug amounts from Woodhouse's offense conduct: (1) 42.52 grams of cocaine listed in paragraph twenty-seven; (2) 21.2 grams of cocaine base listed in paragraph twenty-eight; and (3) 1.46 kilograms of cocaine base listed in paragraph thirty-four. Counsel's performance at sentencing reduced Woodhouse's total offense level from forty to thirty-four.

Woodhouse claims that the 36.2 ounces of powder cocaine listed in paragraph nineteen are not supported by the testimony of Clarence Lindsey, upon whom the Government relied in proving this amount. Counsel made this exact argument at sentencing. Woodhouse also claims that Lindsey's testimony did not establish the drug amounts contained in paragraphs thirty-one and thirty-two. However, the PSR relied on testimony of Tyrone Boone for these quantities, and counsel contested the vagueness and unreliability of his testimony. Finally, Woodhouse objected to the reliance on Tyrone Boone's grand jury testimony that an individual named Mann, who was never identified or located by the Government, supplied the cocaine powder at issue in paragraph thirty-three. Counsel thoroughly cross-examined the Government's witness on this issue at sentencing. Moreover, counsel for Reginald Boone, one of Woodhouse's co-defendants, also argued against the reliability of this evidence. Therefore, Woodhouse's claim of ineffective assistance is meritless.

Woodhouse next faults counsel for failing to object to the sentencing court's aggregation of powder cocaine and cocaine base for the purpose of sentencing him under the Guidelines. **2** He notes that in Harris, this court held it improper to aggregate different drugs for the

_____

**2** United States Sentencing Commission, Guidelines Manual (Nov. 1994).

4

purpose of invoking the statutory mandatory minimum sentence under 21 U.S.C.A. § 841(b)(1)(A) (West Supp. 1995). 39 F.3d at 1271 (quoting United States v. Irvin, 2 F.3d 72, 73, 77 (4th Cir. 1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3552 (U.S. Feb. 22, 1994) (No. 93-7103)). However, Woodhouse did not receive an enhancement based on the statutory mandatory minimum, but was sentenced under the Guidelines. The Guidelines clearly allow for aggregation of different controlled substances for the purpose of setting a defendant's base offense level. USSG § 2D1.1(c), Drug Equivalency Tables.

Finally, Woodhouse avers that counsel failed to advise him of his right to petition the United States Supreme Court for a writ of certiorari. His claim is sworn under penalty of perjury. The Government submitted a sworn affidavit from Woodhouse's counsel in which he stated that he advised Woodhouse of his right to petition for certiorari. The district court deemed counsel's affidavit sufficient to show that he advised Woodhouse of his rights.

Under the Criminal Justice Act, a federal criminal defendant in the Fourth Circuit has the right to representation through his direct appeal, including the filing of a certiorari petition in the Supreme Court. Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act, 18 U.S.C. § 3006A (1988), II(3) (effective Mar. 30, 1995). Counsel on appeal must both inform his client of his right to petition for certiorari and file the necessary papers. Profitt v. United States, 549 F.2d 910, 912-13 (4th Cir. 1976), cert. denied, 429 U.S. 1076 (1977).

Evidence on this issue is limited to the opposing statements of Woodhouse and counsel. Because Appellant submitted a sworn statement in support of his position on this issue, summary judgment was improper. See Miller v. Leathers, 913 F.2d at 1087. Accordingly, we must remand to the district court for further proceedings on this issue, if required. Profitt, 549 F.2d at 913.

We affirm the district court's order in part, vacate in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are

5

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

6