**UNITED STATES of America**

v.

**John EISENHARDT.**

**Crim. No. S 95–0468.
Civil No. S 98–2521.**

United States District Court,
D. Maryland.

July 30, 1998.

Opinion Denying Reconsideration
Aug. 3, 1998.

Lynne A. Battaglia, U.S. Attorney for the District of Maryland, Baltimore, MD, Joseph L. Evans, Assistant U.S. Attorney, for U.S.

Andrew Radding, Robert D. Schulte, Adelberg, Rudow, Dorf, Hendler & Sameth, LLC, Baltimore, MD, for John Eisenhardt.

## MEMORANDUM OPINION

SMALKIN, District Judge.

The defendant in this criminal case has filed, by counsel, a motion for postconviction relief pursuant to 28 U.S.C. section 2255. In that the Court's review of the motion in light of the files and records of the Court convince it beyond any question that the movant is not entitled to any relief in this Court, an order will be entered separately, summarily dismissing the motion, pursuant to Rule 4(b), *Rules Governing Section 2255 Proceedings.*

The defendant's first argument is that his guilty plea to the offense of conspiracy was tainted and induced by the fact that various potential witnesses against him were co-operators in an ongoing child pornography investigation in the District of New Jersey, who had been given or promised favorable treatment by federal prosecutors in exchange for their testimony. Citing the recent panel decision of the Tenth Circuit in *United States v. Singleton,* 144 F.3d 1343 (10th Cir.1998), *rehearing en banc granted and panel opinion vacated,* 144 F.3d 1343 (10th Cir. July 10, 1998), the defendant argues that his prosecution was tainted by violation of 18 U.S.C. section 201, and that all evidence flowing from co-operators was poisoned by such violation, on account of prosecutorial violation of 18 U.S.C. section 201.

The Court, first, notes that the panel opinion in *Singleton* has been vacated. Thus, it is no longer of any authoritative weight at all. Furthermore, it never was, in my judgment, persuasive authority. Before it was vacated, the undersigned read that opinion, and he concluded that it was amazingly unsound, not to mention nonsensical, especially in its creation *ex nihilo* of an exclusionary rule barring testimony from virtually every cooperating federal witness. The chances of either or both the Fourth Circuit and the Supreme Court reaching the same conclusion as the *Singleton* panel are, in this Court's judgment, about the same as discovering that the

entire roster of the Baltimore Orioles consists of cleverly disguised leprechauns.

■ The defendant's second point is that he was denied effective assistance of counsel in the pretrial stage of the proceedings. He complains that the Maryland attorney who represented him pre-charging in New Jersey (the case having been transferred here for guilty plea to a criminal information pursuant to Fed.R.Crim.P. 20) was not competent in the early stages of the investigation, when he allegedly gave Mr. Eisenhardt bad advice about cooperating in the investigation.

■ There is no Sixth Amendment concern raised by this contention. The Sixth Amendment right to counsel does not attach until the initiation of formal criminal proceedings. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Here, there is no allegation that formal proceedings had been initiated when the allegedly bad advice was given. In fact, the present motion recites that the defendant discharged the attorney in question and retained new counsel "to represent him at trial, in lieu of which a plea agreement, by necessity and good counsel, was reached with the Government." (Motion at p. 8)

Thus, in that there is no indication that there was any violation of the Sixth Amendment, and in that defendant does not claim the necessary Sixth Amendment predicates of incompetent advice and prejudice in connection with the *entry* of his plea of guilty to warrant relief under settled law, *see Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), his second contention is meritless.

■ Finally, the defendant claims that the Sixth Amendment was violated when his retained attorney failed to advise him to pursue *certiorari* relief from the Supreme Court after the Fourth Circuit affirmed on direct appeal. The Supreme Court has flatly held that no ineffective assistance claim under the Sixth Amendment is made out by a contention that counsel, retained or appointed, failed to pursue discretionary relief in the Supreme Court. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982); *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct.

2437, 41 L.Ed.2d 341 (1974). In that the Supreme Court's review of federal criminal cases by *certiorari* is a discretionary review, *see Miller v. Keeney*, 882 F.2d 1428, 1432 n. 6 (9th Cir.1989), there is simply no right to have the advice of counsel in pursuing it. *Id.* (This does not, of course, take into account the duties of counsel *appointed* for indigents pursuant to the Criminal Justice Act, who do have a duty under that Act and its implementing plan with regard to *certiorari* review, *see Proffitt v. United States*, 549 F.2d 910 (4th Cir.1976), *cert. denied*, 429 U.S. 1076, 97 S.Ct. 818, 50 L.Ed.2d 795 (1977), but no such duty existed here on the part of *retained* counsel.)

For the stated reasons, an Order will be entered separately that summarily dismisses the present motion.

### *MEMORANDUM OPINION*

In a Memorandum Opinion and Order thereon entered July 30, 1998, this Court summarily dismissed the defendant's Section 2255 motion pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings.

The defendant has now filed an "Amended Motion for Reconsideration," directed only at so much of the Court's disposition of his original motion as held that there was no viable claim of ineffective assistance of counsel in his counsel's failure to advise him of his right to petition to the United States Supreme Court for *certiorari*.

The defendant points out that, although counsel who represented defendant in this Court was retained, counsel was appointed to represent the defendant by the Fourth Circuit on appeal, a fact hitherto unknown to this Court. (This Court is not advised by the Fourth Circuit of its actions in appointing counsel to pursue appeals.)

Citing *Proffitt v. United States*, 549 F.2d 910, 912–13 (4th Cir.1976), *cert. denied*, 429 U.S. 1076, 97 S.Ct. 818, 50 L.Ed.2d 795 (1977), the defendant claims that he is entitled to further proceedings in this Court to determine whether counsel's failure to advise him regarding *certiorari* is ineffective assistance of counsel, not under the Sixth Amendment, but under the Criminal Justice Act

(CJA) of 1964, and the Fourth Circuit's Plan implementing the same.

*Proffitt* held that the district court considering a Section 2255 motion erred in holding that there was no duty on the part of counsel to inform the defendant of his right to seek *certiorari* review and to prepare and file such a petition, on request. The Fourth Circuit, in *Proffitt*, remanded for a determination of whether the defendant was "denied effective assistance of counsel." 549 F.2d at 913.

This Court must seriously question the continuing validity of so much of *Proffitt, supra,* as requires appointed counsel in **all** cases to inform the indigent defendant of his right to petition for *certiorari* and to file such a petition, if requested. In *Austin v. United States,* 513 U.S. 5, 115 S.Ct. 380, 130 L.Ed.2d 219 (1994), the Supreme Court criticized the Fourth Circuit CJA Plan, upon which *Proffitt* was based, insofar as it requires counsel to file, on defendant's request, a petition for writ of *certiorari* in all cases. The Supreme Court based its holding in *Austin* on a conflict between its own Rules (prohibiting legally frivolous filings) and the Fourth Circuit's CJA Plan (requiring the filing of even frivolous *certiorari* petitions). Apparently, the Fourth Circuit Plan has not been changed in the wake of *Austin,* as *Proffitt* continues to be followed. *See, e.g., United States v. Thomas,* 46 F.3d 1129, 1995 WL 10223 (4th Cir.1995).

This Court need not, however, decide whether the holding in *Proffitt* is still good law in light of *Austin.* Even if it were still good law, nothing in *Proffitt* holds that failure to seek or advise regarding collateral review is presumptively prejudicial, as distinguished from, for example, failure to prosecute an appeal as of right. *Cf., Allen v. United States,* 938 F.2d 664 (6th Cir.1991). If anything, *Austin* stands for the proposition that discretionary review is *not* a matter of right and that very different considerations are involved from those connected with an appeal as of right. Furthermore, the law regarding the prejudice prong of the ineffective assistance of counsel inquiry had not even emerged when *Proffitt* was decided, having been established years later in *Strick-*

*land v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Thus, this Court concludes that, to have relief in this Court, the defendant must show prejudice from counsel's failure to advise him of the possibility of *certiorari* review. *Strickland v. Washington, supra.* In this case, as appears conclusively from the record, *see* Rule 4(b), *Rules Governing Section 2255 Proceedings,* there was manifestly no prejudice to the defendant.

In its *per curiam* opinion disposing of Mr. Eisenhardt's direct appeal without oral argument, the Fourth Circuit noted that the only issue presented for its review was the question of whether this Court had abused its discretion in refusing a downward departure in Mr. Eisenhardt's sentence. Even if not legally frivolous within the opprobrium of *Austin,* a *certiorari* petition seeking review of the Fourth Circuit's decision would undoubtedly have been doomed to failure. Given the nature of the underlying question and the Fourth Circuit's disposition of it, the *certiorari* petition would have been dead on arrival at the Supreme Court, a conclusion with which no reasonable lawyer could disagree. Thus, there is no possibility of any prejudice to Mr. Eisenhardt under these circumstances.

Accordingly, an Order will be entered separately, denying the defendant's amended motion for reconsideration.