Vacated by Supreme Court, June 8, 2009

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4928**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT JARED SMITH, a/k/a J Dog,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, District Judge. (CR-99-198)

Submitted: May 26, 2004                    Decided: June 8, 2004

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joan A. Mooney, STILLER & MOONEY, P.L.L.C., Morgantown, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Jared Smith appeals following a remand to the district court for resentencing. For the reasons discussed below, we decline to address the issue Smith raises on appeal and affirm.

Smith was convicted on one count of conspiracy to distribute cocaine base and aiding and abetting possession with intent to distribute cocaine base, for which he received concurrent sentences of life in prison and twenty years in prison, respectively. Smith appealed, contending that the district court erred in allowing a defense witness to invoke the Fifth Amendment privilege against self-incrimination and in increasing his offense level by four levels under U.S. Sentencing Guidelines Manual § 3B1.1(a) (1999) for having an aggravating role as an organizer or leader in the drug conspiracy. We affirmed Smith's convictions, but vacated his sentence and remanded for resentencing on the ground that the district court abused its discretion by applying the § 3B1.1(a) leadership role enhancement. United States v. Sayles, 296 F.3d 219, 227 (4th Cir. 2002).

Upon remand, the district court resentenced Smith without the four-level enhancement of his offense level. Thus, Smith's offense level was reduced to 38 and his criminal history category remained category IV, resulting in a guideline range of 324 to 405 months in prison. He received a 405-month sentence on the

conspiracy count and a concurrent 240-month sentence on the aiding and abetting count.

Smith now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the evidence was insufficient to support Smith's conspiracy conviction, but stating that there are no meritorious grounds for appeal. Smith was advised of his right to file a pro se supplemental brief, but he has not filed one.

Under the mandate rule, consideration of the sufficiency of the evidence is foreclosed because this issue was not raised in the original appeal and is not reasonably within the scope of the mandate. Cf. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (when mandate of appellate court is precise, district court may not consider issues mandate has laid to rest). We accordingly decline to address the issue because it is not properly before us.

We therefore affirm. Within the constraints of the mandate rule, we have, as required by Anders, reviewed the record and have found no meritorious issues for appeal. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED