**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-6358**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ROBERT JARED SMITH, a/k/a J-Dog,

        Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, Chief District Judge. (2:99-cr-00198-3; 2:05-cv-00431)

Argued: September 26, 2008      Decided: November 19, 2008

Before MICHAEL and MOTZ, Circuit Judges, and James C. DEVER III, United States District Judge for the Eastern District of North Carolina, sitting by designation.

Vacated by unpublished per curiam opinion.

**ARGUED:** Susan Hills Nelson, Student Counsel, CHARLESTON SCHOOL OF LAW, Charleston, South Carolina, for Appellant. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee. **ON BRIEF:** Margaret M. Lawton, CHARLESTON SCHOOL OF LAW, Charleston, South Carolina, for Appellant. Charles T. Miller, United States Attorney, John J. Frail, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Jared Smith appeals from the judgment of the United States District Court for the Southern District of West Virginia denying his motion for post-conviction relief under 28 U.S.C. § 2255. Smith claims in part that his appellate counsel failed to carry out his request to file a petition for a writ of certiorari to the Supreme Court of the United States. On appeal we construe Smith's § 2255 motion as a motion to recall our mandate. We grant the motion, which allows us to vacate and reenter our earlier judgment affirming Smith's sentence. This relief will enable Smith to file a timely petition for certiorari.

I.

Smith was tried and convicted on July 13, 2000, of conspiracy to distribute cocaine base and aiding and abetting possession with intent to distribute cocaine base. See 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. At sentencing the district court enhanced Smith's offense level by four levels based on findings that Smith had played a leadership role in the original conspiracy. Smith was sentenced within the guidelines range to a life sentence on the conspiracy count and a concurrent twenty-year sentence for the aiding and abetting count. On appeal we affirmed Smith's convictions, but remanded after concluding that

3

the district court had erred by applying the leadership role enhancement. At Smith's second sentencing the district court resentenced him without using the leadership role enhancement. After calculating a guidelines range of 324 to 405 months, the district court resentenced Smith to 405 months' imprisonment on the conspiracy count and a concurrent sentence of 240 months on the aiding and abetting count.

Smith appealed his new sentence, and pursuant to the provisions of the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, we appointed counsel (hereafter, "appellate counsel" or "counsel") to represent him in the appeal. Appellate counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support Smith's conspiracy conviction. We affirmed the new sentence and noted that the mandate rule precluded us from considering the evidentiary issue. United States v. Smith, 98 Fed. App'x 962 (4th Cir. 2004) (unpublished). Consistent with the CJA, our opinion, filed June 8, 2004, instructed appellate counsel to inform Smith in writing of his right to petition the Supreme Court of the United States for further review. Our opinion also advised counsel that "If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation." J.A. 68.

4

In a letter dated June 25, 2004, appellate counsel informed Smith that the Fourth Circuit had denied his appeal and wrote, "You have a right to have a Petition for Certiorari filed with the United States Supreme Court, and I will do that for you if you request." J.A. 114. The last sentence of counsel's letter repeated her offer: "Please let me know if you want me to file the Petition." Id. The letter also included a hand-written postscript in which counsel informed Smith that the Supreme Court had "just found Washington State's sentencing guidelines unconstitutional. If you haven't filed your habeas petition yet please include that issue re: the Federal Sentencing Guidelines." Id. Appellate counsel was apparently referring to Blakely v. Washington, 542 U.S. 296 (2004), which the Supreme Court decided on June 24, 2004, the day before her letter to Smith.

Smith says in his affidavit that he talked with appellate counsel on the telephone shortly after receiving her June 25, 2004, letter and requested that she file a petition for a writ of certiorari. Smith also says that counsel agreed to file the petition. Counsel, in her affidavit, says that she remembers having a conversation with Smith, but she no longer has her notes from the conversation. (Counsel did not address the key issue, that is, whether she had been asked to file a petition for certiorari. She admitted, however, that she did

not move to withdraw as counsel.) Two months after making his request, Smith called counsel to follow up, but he was unable to reach her. The affidavits prompted the government to concede that counsel, "after being requested to do so . . . failed to prepare for filing in the Supreme Court a timely Petition for a Writ of Certiorari." J.A. 119.

Smith filed in district court a pro se motion under 28 U.S.C. § 2255, arguing that he should be resentenced pursuant to United States v. Booker, 543 U.S. 220 (2005), and that he was deprived of the effective assistance of appellate counsel because his counsel failed to file a petition for certiorari, as requested. The district court denied Smith's petition, holding that Smith did not have a constitutional right to have his appellate counsel file a petition for certiorari in the Supreme Court. Smith appealed the dismissal, and this court granted a certificate of appealability on the question of whether counsel's failure to file a certiorari petition, as requested, violates the Sixth Amendment right to counsel.

## II.

We first consider Smith's alternative argument. He contends that appellate counsel's representation after the entry of judgment in his second appeal violated his rights under the

6

Criminal Justice Act, 18 U.S.C. § 3006A. This court's Plan In Implementation of the Criminal Justice Act (CJA Plan) provides:

> Appellate Counsel: Every attorney . . . who represents a defendant in this court shall continue to represent his client after termination of the appeal unless relieved of further responsibility by this court or the Supreme Court. Where counsel has not been relieved:
>
> If the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant. Thereafter, unless otherwise instructed by the Supreme Court or its clerk, or unless any applicable rule, order or plan of the Supreme Court shall otherwise provide, counsel shall take whatever further steps are necessary to protect the rights of the defendant, until the petition is granted or denied.
>
> If the appellant requests that a petition for writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with this court wherein counsel requests to be relieved of the responsibility of filing a petition for writ of certiorari. The motion must reflect that a copy was served on the client.

CJA Plan, Part V, § 2; see also 18 U.S.C. § 3006A. In this case, appellate counsel did not file a motion to withdraw. And, as the government concedes, counsel failed to file a petition for certiorari after being requested to do so by Smith. These circumstances resulted in a violation of Smith's rights under

7

this court's CJA Plan.  We must therefore determine what remedy, if any, is available to Smith.

Smith points out that Wilkins v. United States, 441 U.S. 468 (1979) (per curiam), suggests the remedy.  In Wilkins, as in the case before us, court-appointed counsel failed to file a petition for certiorari after being requested to do so.  Id. at 468.  The Court first pointed to the CJA as the basis for relief, summarizing a defendant's right under the CJA to the assistance of counsel in seeking certiorari.  When counsel has failed to fulfill its CJA obligations with respect to the matter of certiorari, the Supreme Court noted that a circuit court could vacate and reenter judgment to permit a defendant to file a timely petition for certiorari:

> Had the petitioner presented his dilemma to the Court of Appeals by way of a motion for the appointment of counsel to assist him in seeking review here, the court then could have vacated its judgment affirming the convictions and entered a new one, so that this petitioner, with the assistance of counsel, could file a timely petition for certiorari.

Wilkins, 441 U.S. at 469; see also Schreiner v. United States, 404 U.S. 67, 67 (1971) (per curiam) (invoking the CJA and remanding to court of appeals for reentry of judgment and appointment of counsel to assist with seeking review in the Supreme Court).

To vacate and reenter the judgment in Smith's case, we must recall our mandate, an action that we take only in

8

extraordinary circumstances.  See Calderon v. Thompson, 523 U.S. 538, 549-50 (1998); Alphin v. Henson, 552 F.2d 1033, 1035 (4th Cir. 1977)  (per curiam).

We have previously recalled our mandate and reentered judgment in a case similar to this one.  In United States v. Masters, No. 91-6100, 1992 WL 232466, at *3 (4th Cir. Sept. 22, 1992) (unpublished), we determined that appellate counsel had violated his duty under the CJA Plan to file a petition for certiorari requested by his client.  We denied the collateral relief requested under § 2255, but, relying on Wilkins, we vacated the mandate and reentered judgment to enable the defendant to file a timely petition for certiorari.  Id.  Other courts of appeals have followed the same course.  See, e.g., Nnebe v. United States, 534 F.3d 87, 91 (2d Cir. 2008) (recalling the mandate and reentering judgment so that timely petition for certiorari might be filed on behalf of defendant); United States v. Howell, 37 F.3d 1207, 1210 (7th Cir. 1994) (same); United States v. James, 990 F.2d 804, 805 (5th Cir. 1993) (same).

Smith has not filed a motion to recall the mandate. Rather, he filed a pro se motion for post-conviction relief under 28 U.S.C. § 2255, and he appeals the denial of that motion.  We may, of course, construe his pro se filings liberally.  See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir.

9

2002) ("[T]he long-standing practice is to construe pro se pleadings liberally."); see also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (holding that complaints drafted by pro se prisoners are held to "less stringent standards than formal pleadings drafted by lawyers") (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  We have, on occasion, construed a § 2255 petition as a motion to recall the mandate.  See Masters, 976 F.2d at *3; see also United States v. Capers, 182 Fed. App'x 207, 208 n.* (4th Cir. 2006) (per curiam) (noting that the court may construe a § 2255 motion as a motion to recall the mandate where extraordinary circumstances warrant a recall).  And, other courts of appeals have done the same.  See, e.g., Nnebe, 534 F.3d at 91; Howell, 37 F.3d at 1210.

In this case Smith was deprived of his CJA right to counsel's assistance in filing a petition for certiorari, if "in counsel's considered judgment there [were] grounds for seeking Supreme Court review."  CJA Plan, Part V, § 2.  This deprivation is sufficiently extraordinary to warrant our treatment of Smith's § 2255 motion as a motion to recall the mandate, which we grant in order to provide appropriate relief.  (The government acknowledged at oral argument that it did not object to this resolution.)

Accordingly, an order will be entered recalling our mandate and vacating and reentering judgment in United States v.

<u>Smith</u>, No. 02-4928 (4th Cir. June 8, 2004).  Counsel will be appointed to assist Smith (in accordance with this court's CJA Plan) with respect to the matter of a petition for certiorari to the Supreme Court of the United States.

Because we treat Smith's § 2255 motion as a motion to recall the mandate, we vacate the district court's order dismissing the § 2255 motion.[*]

<u>VACATED</u>

---

[*] In light of the relief granted, it is not necessary for us to reach the merits of the district court's decision.