**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4928**

———————

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　　v.

ROBERT JARED SMITH, a/k/a J Dog,

　　　　　Defendant - Appellant.

———————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 08-8197)

———————

Submitted:  November 30, 2009　　Decided:  December 18, 2009

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Barron Michael Helgoe, VICTOR VICTOR & HELGOE LLP, Charleston, West Virginia, for Appellant.　Monica Kaminski Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2000, a jury convicted Robert Jared Smith of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and aiding and abetting possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006) and 18 U.S.C. § 2 (2006). The district court sentenced Smith to life in prison on the conspiracy count and a concurrent twenty-year prison term on the possession with intent to distribute count. On appeal, we affirmed Smith's convictions, but vacated his sentence and remanded for resentencing on the ground that the district court abused its discretion by applying a leadership role enhancement pursuant to U.S. Sentencing Guidelines Manual § 3B1.1 (1999). United States v. Sayles, 296 F.3d 219, 227 (4th Cir. 2002).

Following a hearing, the district court sustained Smith's objections to the leadership role enhancement and resentenced him without the four-level increase under USSG § 3B1.1. Thus, his offense level was reduced from 42 to 38. Based on an offense level of 38 and criminal history category IV, Smith's guidelines range on the conspiracy count was 324 to 405 months in prison. The court sentenced him to 405 months on the conspiracy count and to a concurrent 240 months on the possession with intent to distribute count. Smith appealed, and

2

we affirmed.  United States v. Smith, 98 F. App'x 962 (4th Cir. 2004) (No. 02-4928).

Smith subsequently filed a 28 U.S.C.A. § 2255 (West Supp. 2009) motion, which the district court denied.  One of the issues that arose during Smith's § 2255 proceedings concerned appellate counsel's failure to file a petition for writ of certiorari as requested in United States v. Smith, 98 F. App'x 962 (4th Cir. 2004).  We construed Smith's § 2255  motion as a motion to recall the mandate in Smith, 98 F. App'x 962, recalled the mandate, and reentered the judgment to permit Smith to file a timely petition for certiorari to the United States Supreme Court.  United States v. Smith, 321 F. App'x 229 (4th Cir. 2008) (No. 07-6358).  The Supreme Court subsequently granted Smith's petition for certiorari, vacated this court's judgment, and remanded his case for further proceedings in light of United States v. Booker, 543 U.S. 220 (2005).  Smith v. United States, 129 S. Ct. 2763 (2009).

In light of the vast changes in the legal landscape that have occurred in the seven years since the district court resentenced Smith, we vacate Smith's sentence and remand for resentencing in light of Booker and its progeny.  We dispense with oral argument because the facts and legal contentions are

3

adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED