54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Bill MCNEAL, Petitioner-Appellant,
v.
UNITED STATES of AMERICA, Respondent-Appellee.
 No. 94-4146.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Bill McNeal, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 McNeal pleaded guilty to possession with intent to distribute cocaine within 1000 feet of a school, possession with intent to distribute cocaine base within 1000 feet of a school, and use of a firearm during a drug trafficking crime, in violation of 21 U.S.C. Secs. 841(a)(1) and 845a, and 18 U.S.C. Sec. 924(c)(1). However, he reserved the right to appeal the denial of his motion to suppress evidence seized during an allegedly illegal search of the apartment where he was arrested. The district court sentenced McNeal in September 1990 to a total of 240 months in prison and 10 years of supervised release. His conviction was affirmed by a panel of this court. See United States v. McNeal, 955 F.2d 1067 (6th Cir.), cert. denied, 112 S. Ct. 3039 (1992).
 
 
 4
 In his motion to vacate, McNeal presented one ground for relief: ineffective assistance of appellate counsel, based upon counsel's failure to file a suggestion for rehearing en banc of this court's order and a petition for a writ of certiorari to the United States Supreme Court. The district court denied McNeal's motion in a memorandum opinion and order entered on October 17, 1994, expressing "serious doubt" that McNeal's constitutional right to effective assistance of counsel extended beyond his first appeal of right and finding, in any event, that McNeal had failed to make the required showing of prejudice.
 
 
 5
 On appeal, McNeal continues to argue the merits of his ineffective assistance of counsel claim. He requests the appointment of counsel in his brief on appeal.
 
 
 6
 Upon review, we affirm the district court's order. A defendant is entitled to effective assistance of counsel on the first appeal of his conviction where such an appeal is a matter of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). However, the Supreme Court has held that a defendant in a state criminal case does not have a constitutional right to counsel in pursuing discretionary review in the state supreme court. Wainwright v. Torna, 455 U.S. 586, 587 (1982). Neither is there a constitutional right to counsel in pursuing an application for discretionary review (certiorari) in the Supreme Court of the United States. Ross v. Moffitt, 417 U.S. 600 (1974).
 
 
 7
 It is apparent from both this court's local rules and the Federal Rules of Appellate Procedure that the granting of a rehearing en banc by this court is discretionary. See Fed. R. App. P. 35(a); Rule 14(c), Rules of the Sixth Circuit. The logic of Wainwright and Ross is that there is no constitutional right to counsel in seeking rehearing en banc -- and where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer.
 
 
 8
 Accordingly, the request for the appointment of counsel is denied. The district court's order, entered on October 17, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation