Charles WASHPUN, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 02–1496.

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2004.

Kevin M. Schad, Schad & Cook, Indian Springs, OH, for Petitioner–Appellant.

Charles Washpun, Lexington, KY, Barbara Colby Tanase, U.S. Attorney's Office, Lansing, MI, for Respondent–Appellee.

Before: BATCHELDER, GIBBONS, and COOK, Circuit Judges.

BATCHELDER, Circuit Judge.

Charles Washpun appeals from the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for drug conspiracy crimes. He contends that his appellate counsel was ineffective in failing to raise, in a petition for a writ of certiorari to the Supreme Court, a claim that his sentence for drug conspiracy violates the rule set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435

(2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Because Washpun had no constitutional right to assistance of counsel to pursue discretionary review, we will AFFIRM the judgment of the district court.

## I.

Petitioner Charles Washpun was one of more than twenty defendants charged with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base ("crack cocaine"). At trial, the government presented substantial evidence concerning the scope of the conspiracy and Washpun's participation in it, including testimony of several co-conspirators regarding drug transactions. The jury convicted Washpun of conspiring to possess with intent to distribute and to distribute cocaine and cocaine base. Although Washpun's attorney requested that the jury be instructed that the government was required to prove drug quantity (i.e., that the conspiracy involved drug quantities of five or more kilograms of cocaine and 50 grams or more of crack cocaine), the court declined to give that instruction. Washpun did not object following the court's instructions to the jury.

At sentencing, Washpun maintained his innocence but acknowledged that the jury had believed testimony establishing an amount of at least 1.5 kilograms and as much as 20 kilograms of crack cocaine. Although the presentence report recommended that Washpun be held accountable for distribution of 66 kilograms of crack cocaine, the district court calculated Washpun's guideline range based upon the much lower 1.5 kilograms, and sentenced Washpun to 300 months' imprisonment.

This Court affirmed Washpun's conviction and sentence in an opinion issued on May 22, 2000. *See United States v. Buchanan*, 213 F.3d 302 (6th Cir.2000). On June 26, 2000, the Supreme Court issued its decision in *Apprendi v. New Jersey*, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Washpun, through counsel, filed a petition for a writ of certiorari with the Supreme Court in August 2000. The petition, which did not raise an *Apprendi* claim, was dismissed. *See Washpun v. United States*, 531 U.S. 973, 121 S.Ct. 415, 148 L.Ed.2d 321 (2000). Washpun then filed a motion with this Court to recall the mandate from our earlier decision, arguing that *Apprendi* warranted remand and resentencing. We denied Washpun's motion. *See United States v. Washpun*, No. 98–1538 (6th Cir. Jan. 9, 2001).

Washpun filed the present motion pursuant to 28 U.S.C. § 2255, asking the district court to vacate, set aside, or correct his sentence. Washpun claimed that he was denied effective assistance of counsel by his attorney's failure to raise the *Apprendi* issue at trial or on appeal. The district court denied Washpun's motion. We granted a certificate of appealability on two related issues, which are now before us on appeal: (1) whether Washpun's attorney was ineffective in failing to raise a claim pursuant to *Apprendi* in a Sup.Ct. R. 15(8) supplement to his petition for a writ of certiorari, and, if so, (2) whether Washpun can show that he was prejudiced by his counsel's failure to supplement the petition.

## II.

In reviewing the denial of a petition filed under 28 U.S.C. § 2255, we review

the district court's legal conclusions de novo and its factual findings for clear error. *Wright v. United States,* 182 F.3d 458, 463 (6th Cir.1999). Washpun contends that his counsel was ineffective for failing to supplement his petition for a writ of certiorari. We note at the outset, however, that Sup.Ct. R. 15(8) explicitly restricts supplemental briefs to "new" cases or other matters that were "not available at the time of the party's last filing." *Apprendi* was decided June 26, 2000, and Washpun filed his petition for a writ of certiorari in August 2000. Any possible *Apprendi* claim was obviously available at the time that Washpun initially filed his petition with the Supreme Court. The Supreme Court's decision in *Apprendi* therefore does not qualify as a new matter available for supplemental briefing. We will, however, examine the question of whether Washpun's counsel was ineffective because he failed to raise an *Apprendi* claim in the initial petition for a writ of certiorari.

■ In order to prove ineffective assistance of counsel, a petitioner generally must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the petitioner. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, however, we need not address the *Strickland* test, because the basis for Washpun's ineffective assistance claim is his counsel's failure to address *Apprendi* in the petition for a writ of certiorari. Washpun does not have a constitutional right to pursue a petition for a writ of certiorari. Review by the Supreme Court is discretionary, *Ross v. Moffitt,* 417 U.S. 600, 617, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), and "a criminal defendant does not have a constitutional right to counsel to pursue discretionary [ ] appeals or applications for review in [the Supreme] Court." *Wainwright v. Torna,* 455 U.S.

586, 587, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982).

Where the defendant has no right to counsel, he cannot be deprived of the effective assistance of counsel. *See id.* at 587–88 ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel. . . ."); *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (citing *Torna* for the proposition that "where there is no constitutional right to counsel there can be no deprivation of effective assistance"); *Anderson v. United States,* 221 F.3d 1333, 2000 WL 875729, at *2 (6th Cir. June 20, 2000) (Table) ("Counsel did not violate [petitioner's] right to effective assistance . . . because [petitioner] has no right to effective assistance on discretionary review."); *McNeal v. United States,* 54 F.3d 776, 1995 WL 290233, at *2 (6th Cir. May 11, 1995) (Table) (holding that "where there is no constitutional right to counsel, the client's constitutional rights cannot be violated by the allegedly defective performance of his lawyer").

Because Washpun has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an *Apprendi* claim in that petition amounted to ineffective assistance. We therefore AFFIRM the district court's denial of Washpun's motion to vacate, set aside, or correct the sentence imposed by the district court.