**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FERNANDO ACEVEDO,

Defendant-Appellant.

No. 00-3177
(D.C. No. 00-CV-3143-DES)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, BALDOCK,** and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Fernando Acevedo, appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to vacate, set aside or correct his criminal sentence. In order for this court to grant a COA, defendant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing can be made if defendant demonstrates that the issues are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because Mr. Acevedo fails to make the requisite showing, we dismiss this appeal.

Mr. Acevedo pled guilty on August 24, 1999, to conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 846. He was sentenced to thirty-seven months' imprisonment in the Federal Bureau of Prisons and did not file a direct appeal.

On April 23, 2000, he filed his § 2255 motion, asserting claims based on his status as a deportable alien. Because he is not a United States citizen, Mr. Acevedo is subject to deportation upon his release from prison. As a result of his deportation status, Mr. Acevedo is ineligible for confinement in a minimum security prison, cannot participate in the Bureau of Prisons' drug rehabilitation program, and is ineligible for early release. Defendant claims these restrictions cause his conditions of confinement to be harsher because of his status as an alien. He contends, therefore, that his attorney was ineffective for failing to seek a downward departure under USSG § 5K2.0, which permits a sentencing court to

depart from the applicable guideline range if there exist mitigating circumstances of a kind not adequately taken into consideration by the guidelines. He also claims the disparate treatment of deportable aliens violates his equal protection rights. [1]

The district court held that defendant was not entitled to habeas relief on his claim of ineffective assistance of counsel because he had not shown that his defense was prejudiced by any deficiency in his trial attorney's performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). It also rejected defendant's equal protection claim on the basis that the Bureau of Prisons' policies concerning deportable aliens is rationally related to legitimate safety concerns. [2] Where, as here, the district court rejects the constitutional claims on the merits, defendant "must demonstrate that reasonable jurists would find [its]

---

[1] Mr. Acevedo also contends in his application for COA that his conviction should be reversed because the government failed to advise him of his rights under the Vienna Convention to inform Mexican consular officials of his arrest and detention. We do not consider this issue, however, because he failed to raise it in his § 2255 motion to the district court. *See United States v. Cook*, 997 F.2d 1312, 1316 (10th Cir. 1993).

[2] Mr. Acevedo's equal protection challenge to the differential treatment he receives as a deportable alien in the federal prison system is not properly brought under § 2255, but should have been filed under 28 U.S.C. § 2241, because it concerns the execution, rather than the imposition, of his sentence. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to . . . § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)).

assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Because we find the district court's assessment of Mr. Acevedo's claims neither debatable nor wrong, we deny his application for COA and DISMISS the appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge