# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1112

_____

| | | |
|---|---|---|
| Gayle Jean Steele, | * | |
| | * | |
| Petitioner – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| United States of America, | * | |
| | * | |
| Respondent – Appellee. | * | |

_____

Submitted:  January 17, 2008
Filed:  March 13, 2008

_____

Before LOKEN, Chief Judge, HANSEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Petitioner Gayle Jean Steele appeals from the denial by the district court[1] of her 28 U.S.C. § 2255 motion to vacate, set aside or correct her sentence.  She was earlier sentenced to 262 months imprisonment for her conviction of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846.  We granted a certificate of appealability on one issue in Steele's § 2255 motion – her claim that counsel's failure to honor her request to file a petition for certiorari constituted ineffective assistance of counsel.  We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

On appeal Steele contends that she had a constitutional right to have her attorney file a certiorari petition, that his failure to do so prejudiced her because she lost the opportunity to have her claim reviewed in light of United States v. Booker, 543 U.S. 220 (2005), and that she is entitled to relief because her sentence was unconstitutionally imposed.

The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings. See Ross v. Moffitt, 417 U.S. 600, 610–11 (1974); Scott v. United States, 473 F.3d 1262, 1264 (8th Cir. 2007). Due process guarantees a criminal defendant a constitutional right to counsel for her first appeal, Douglas v. California, 372 U.S. 353, 357–58 (1963), and that right encompasses the right to effective assistance of counsel, Evitts v. Lucey, 469 U.S. 387, 396–400 (1985).

Due process does *not*, however, guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. Ross, 417 U.S. at 617–18; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); see also 28 U.S.C. § 1254 (writ of certiorari is discretionary). Since the right to effective assistance of counsel derives solely from the right to appellate counsel guaranteed by the right to due process, Wainwright v. Torna, 455 U.S. 586, 587–88 (1982), a litigant like Steele without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." Id.; see also Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). In the absence of a constitutional right to the effective assistance of counsel Steele's § 2255 claim for ineffective assistance cannot succeed.

Steele maintains, however, that Federal Rule of Criminal Procedure 44(a) and our circuit plan to implement the Criminal Justice Act create a right to have effective

assistance of counsel to file a petition for certiorari and that the breach of that right deprived her of due process. See 8th Cir. Amended Criminal Justice Act Plan, Part V. Although her attorney informed her by letter of his decision not to file a petition for a writ of certiorari, Steele argues that he violated the circuit plan by failing to inform her of the procedure and time limits for filing a certiorari petition pro se and by not certifying that he had complied with these obligations. See id. We disagree that such violations would create a constitutional right to effective assistance of counsel.

While our plan to implement the mandates of the Criminal Justice Act of 1964 may well embody the congressional judgment as to what representation to afford defendants, it is not a statement of what the Constitution requires. As in Finley, 481 U.S. at 553–59, the source of the duty in our plan is a legislative policy judgment rather than a constitutional command. Similarly, the right created by Rule 44(a), which embodies a right to free counsel for indigent defendants, arises from rules of the Supreme Court promulgated pursuant to statutory authorization, not from a constitutional requirement. See 28 U.S.C. §§ 2071–77 ( Rules Enabling Act). The alleged breach of the provisions of our plan and Rule 44(a) did not deprive Steele of due process of law and did not give rise to a claim for ineffective representation of counsel.

Even if she had the right to counsel to file a certiorari petition, Steele would have had to show that she suffered prejudice from her attorney's failure to file a petition in order to establish a claim for ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 691 (1984). Steele would have to show not only that she would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that she would have obtained relief as to her sentence. Id. at 694. Even assuming that Steele's petition were granted and her case were remanded from the Supreme Court, she has not shown a reasonable probability that she would have prevailed on remand.

In her § 2255 motion Steele suggests that because the Supreme Court granted the certiorari petition of Duane Carpenter, her brother and codefendant, and remanded his case in light of United States v. Booker, 543 U.S. 220 (2005), her certiorari petition would have led to relief. Although Carpenter's case was remanded, his sentence was not affected. Because he had not made a Sixth Amendment argument in the district court or objected to the mandatory nature of the guidelines, his sentence was reviewed for plain error only and none was found. United States v. Carpenter, 422 F.3d 738, 749–50 (8th Cir. 2005). Nothing in the record suggests that the district court would have imposed a different sentence for Steele had it treated the guidelines as advisory. At sentencing the district court determined that criminal history category III did not accurately reflect her prior offense conduct, which included two convictions for second degree murder and a forgery conviction, and departed upward to category IV. The court also applied an enhancement for possession of a firearm after hearing testimony from a coconspirator that he had seen a gun in Steele's home. Because these decisions were based on judicial factfinding deemed constitutionally permissible under Booker, Steele could not show a reasonable probability that the district court would have imposed a different sentence had it operated under an advisory guidelines system. See United States v. Pirani, 406 F.3d 543, 549–52 (8th Cir. 2005) (en banc) (plain error review where constitutional issue not raised in district court).

We conclude that Steele had no constitutional right to counsel for the filing of a certiorari petition and that the district court properly dismissed her § 2255 motion. The judgment of the district court is therefore affirmed.

_____