# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1391

_____

United States of America,

*Plaintiff - Appellee,*

v.

Charles Ahumada,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: November 14, 2016
Filed: June 5, 2017

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Charles Ahumada was convicted of two drug trafficking offenses after the district court[1] denied Ahumada's motion to suppress heroin seized during the search of his rental vehicle. On appeal, Ahumada challenges the district court's denial of his

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

motion to suppress and argues that there was insufficient evidence to support one of the convictions. We affirm.

I.

This case arises from a traffic stop conducted on December 29, 2014, by North Dakota Highway Patrol Trooper Jeremie Meisel. Ahumada was a passenger in a car driven by Frank Villa on Interstate 94. Meisel stopped the vehicle for speeding.

Meisel asked Villa to accompany him to his patrol car. Meisel ran a computer check on Villa and issued him a warning for speeding. He also asked if Villa would consent to a dog sniff or a search of the vehicle, but Villa refused. Meisel then retrieved a drug-detection dog from his patrol car and led the dog around Villa's vehicle. The dog alerted to the presence of drugs as it passed the driver's door.

Meisel began to search the car and found three used syringes in a black leather bag in the trunk. Villa admitted that the syringes were his and that he used them to take drugs. Meisel arrested Villa and allowed Ahumada to leave. The state patrol then towed the car to a regional office, and officers continued the search. Meisel eventually found over four-and-a-half pounds of heroin in the roof of the trunk.

A grand jury charged Villa and Ahumada with one count of conspiracy to distribute, and to possess with intent to distribute, heroin, 21 U.S.C. § 846, and one count of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1). Ahumada moved to suppress the seized heroin, arguing that Meisel violated his rights under the Fourth Amendment, as interpreted in *Rodriguez v. United States*, 135 S. Ct. 1609 (2015). He argued that Meisel, by extending the duration of the traffic stop to conduct a dog sniff around the vehicle, effected an unreasonable seizure. After a hearing, the district court denied the motion. The court concluded that the seizure

was permissible under binding appellate precedent at the time of the incident, and that the later-issued *Rodriguez* decision did not justify excluding the evidence.

A jury then found Ahumada guilty, and the district court imposed sentence. In reviewing the denial of Ahumada's motion to suppress, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *United States v. Bell*, 480 F.3d 860, 863 (8th Cir. 2007). Where a defendant challenges the sufficiency of evidence, we will uphold a conviction if a reasonable juror could have found the defendant guilty beyond a reasonable doubt. *United States v. Washington*, 318 F.3d 845, 852 (8th Cir. 2003).

II.

There is no dispute that Trooper Meisel had probable cause to seize Ahumada and Villa when he saw that the car was speeding on the highway. Ahumada contends, however, that once Meisel issued a warning to Villa, and Villa refused consent to search the car, Meisel unreasonably prolonged the seizure for the time required to conduct a dog sniff around the vehicle. *Rodriguez* held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 135 S. Ct. at 1612. Because police discovered drugs in the car only as a result of this allegedly unlawful seizure, Ahumada argues that the evidence should be suppressed pursuant to the judicially created exclusionary rule. *See generally Herring v. United States*, 555 U.S. 135 (2009).

A videorecording of the incident shows that Meisel's dog alerted to the presence of drugs in the car approximately eight-and-a-half minutes after the trooper issued a warning notice to Villa. The district court concluded that suppression of evidence was not justified, because the brief extension of the seizure comported with this court's precedents as of December 2014. We agree with this conclusion.

The exclusionary rule does not apply when police make a seizure in objectively reasonable reliance on binding judicial precedent. *See Davis v. United States*, 564 U.S. 229, 239-41 (2011). Before the *Rodriguez* decision in 2015, binding precedent from this circuit held that "even without reasonable suspicion following the completion of a traffic stop, seizures of less than ten minutes [were permissible] as *de minimis* intrusions [and did] not amount to an unreasonable seizure." *United States v. Englehart*, 811 F.3d 1034, 1041 (8th Cir. 2016) (internal quotation marks omitted) (alterations in original). Meisel's actions fell squarely within the conduct permitted by this binding precedent.

Ahumada argues that there was no reasonable reliance on precedent, because the North Dakota Supreme Court stated flatly in *State v. Fields*, 662 N.W.2d 242 (N.D. 2003), that "[o]nce the purposes of the initial traffic stop are completed, a continued seizure of a traffic violator violates the Fourth Amendment unless the officer has a reasonable suspicion for believing that criminal activity is afoot." *Id*. at 246. The North Dakota court, however, cited a decision of this court, *United States v. Jones*, 269 F.3d 919, 924 (8th Cir. 2001), in support of its statement, and *Fields* involved a detention of thirty minutes after the completion of a traffic stop. A reasonable officer, therefore, need not have read *Fields* to reject this court's view on *de minimis* intrusions. In any event, a reasonable officer investigating a possible federal drug trafficking offense presumably is entitled to rely on binding federal precedent from the relevant judicial circuit. Accordingly, suppression of evidence is not justified, even assuming that the trooper lacked reasonable suspicion to extend the stop under the rule announced in *Rodriguez*.[2]

---

[2]The trooper testified that he received information from a reliable informant that Ahumada and Villa sold heroin shortly before the traffic stop. The district court, however, made no findings of fact about the trooper's interaction with the informant, and it is unnecessary for us to address whether the trooper established probable cause or reasonable suspicion to make or extend a traffic stop. *Cf. Draper v. United States*, 358 U.S. 307, 312-13 (1959).

Ahumada also challenges the sufficiency of the evidence to support the conviction for possession with intent to distribute heroin. The elements of that offense required the government prove that Ahumada knowingly possessed heroin and that he intended to distribute some or all of it. *United States v. Morales*, 813 F.3d 1058, 1065 (8th Cir. 2016). Ahumada does not argue that the government failed to prove these two elements. He contends instead that the government failed to prove a third element—the intentional transfer of heroin to another person. Intentional transfer, however, is not an element of the charged offense; it is an element of the crime of distributing heroin, a different offense of which Ahumada was not convicted. Ahumada's challenge to the sufficiency of the evidence thus has no merit.

\*　　\*　　\*

The judgment of the district court is affirmed.

_____