[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12096
Non-Argument Calendar

_____

D.C. Docket Nos. 2:17-cv-14343-JEM,
2:14-cr-14008-JEM-1

WILLIAM A. TENDRICH,

Petitioner-Appellant,

vs.

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2020)

Before, JORDAN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether William Tendrich's counsel rendered

ineffective assistance by failing to amend a petition for writ of certiorari in the

Supreme Court to include a reference to *Mathis v. United States*, 136 S. Ct. 2243 (2016). We agree with the magistrate judge and the district court that counsel did not render deficient performance, and affirm the denial of Mr. Tendrich's motion to vacate under 28 U.S.C. § 2255.[1]

*Mathis* held that when an offense lists alternative means of committing a single element, the modified categorical approach cannot be used to determine whether a conviction is a predicate offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Mathis*, 136 S. Ct. at 2253-54. Mr. Tendrich argues that, had his counsel cited *Mathis* to the Supreme Court, it would have granted his certiorari petition and granted him relief (presumably by striking or invalidating his ACCA-enhanced sentence). This is because, Mr. Tendrich asserts, the Massachusetts burglary statute that gave rise to his prior convictions—M.G.L. Chapter 266, § 18—is not divisible. *See* Appellant's Br. At 16-18.

The government argues that Mr. Tendrich's ineffectiveness claim fails because there is no constitutional right to counsel for the purpose of filing a certiorari petition in the Supreme Court. *See e.g., Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). We decline to address this argument because the government failed to present it in the district court. *See, e.g., United States v. Ladson*, 774 F.2d 436,

---

[1] Because we write for the parties, and assume their familiarity with the record, we set out only what is necessary to explain our decision.

441 (11th Cir. 1985) (refusing to consider the good-faith exception to the exclusionary rule because the government did not assert it in the district court).

We conclude that Mr. Tendrich's counsel did not render deficient performance. The "proper standard for attorney performance is that of reasonably effective assistance," *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and there were a couple of reasons why counsel could have reasonably chosen not to cite *Mathis* in a supplemental filing. First, in 2005 the Supreme Court had suggested in an ACCA case that a burglary statute like M. G. L. Chapter 266, § 18—the statute under which Mr. Tendrich was previously convicted—is divisible and subject to the modified categorical test. *See Shepard v. United States*, 544 U.S. 13, 17 (2005). Second, at sentencing Mr. Tendrich (through counsel) acknowledged that the Massachusetts statute was divisible.[2]

**AFFIRMED.**

---

[2] Alternatively, we agree with the magistrate judge and the district court that *Mathis* does not apply in Mr. Tendrich's case. *See, e.g.,* D. E. 13 at 10-11 (magistrate judge's report and recommendation). As a result, Mr. Tendrich cannot show prejudice under *Strickland*. *See Steele*, 588 F.3d at 988-89 (a petitioner who alleges that counsel was ineffective in failing to file a certiorari petition must show a reasonable probability (a) that the Supreme Court would have granted the petition and (b) that he would have prevailed on remand).