# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3632
_____

Charles Ahumada

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: February 17, 2021
Filed: April 22, 2021

_____

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

_____

BENTON, Circuit Judge.

Charles Ahumada was convicted of two drug crimes. Under the Criminal Justice Act (CJA), this court appointed Kent M. Morrow to represent him on appeal. This court affirmed. ***United States v. Ahumada***, 858 F.3d 1138, 1139 (8th Cir. 2017). This court alerted Morrow to the 14-day deadline for petitions for rehearing. Morrow failed to notify Ahumada until after the deadline passed. Morrow did not explain the rehearing process. Ahumada filed a pro se motion to extend the filing

deadline. This court granted the motion and recalled the mandate. Ahumada submitted his petition, after the new deadline. This court denied it.

Ahumada filed a pro se motion to vacate under 28 U.S.C. § 2255. He claimed Morrow abandoned him by failing to communicate and provide requested documents. The district court[1] denied his motion but issued a certificate of appealability on Ahumada's right to counsel for a petition for rehearing. *United States v. Ahumada*, 1:15-cr-00044-DLH-2, Docket No. 133, at 12-18 (D.N.D. Nov. 20, 2019).

"This court reviews de novo the district court's legal determinations, and for clear error its findings of fact." *Dilang Dat v. United States*, 983 F.3d 1045, 1047 (8th Cir. 2020).

"[T]he Fifth Amendment due process clause governs the right to counsel for appellate proceedings." *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008), *citing* *Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974). A criminal defendant has a constitutional right to counsel on the first direct appeal. *Id.*, *citing* *Douglas v. California*, 372 U.S. 353, 357-58 (1963). This "encompasses the right to effective assistance of counsel." *Id.*, *citing* *Evitts v. Lucey*, 469 U.S. 387, 396-400 (1985).

Distinct from a first direct appeal, a petition for rehearing is a discretionary appeal. *See* **Fed. R. App. P. 40(a)(4)** ("*If* a petition for panel rehearing is granted . . . ." (emphasis added)). "*En banc* review, like the Supreme Court's *certiorari* jurisdiction, is discretionary." *United States v. Dunlap*, 936 F.3d 821, 824 (8th Cir. 2019). *See generally* *Jackson v. Johnson*, 217 F.3d 360, 364-65 (5th Cir. 2000) (petition for rehearing is discretionary); *United States v. Coney*, 120 F.3d 26, 28 (3d Cir. 1997) (same); *McNeal v. United States*, 54 F.3d 776, *2 (6th Cir. 1995) (unpublished table order) (same). *Cf.* *Nichols v. United States*, 563 F.3d 240,

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

252 (6th Cir. 2009) (declining to decide whether a petition for rehearing is a first-tier appeal or a separate review).

There is no constitutional right to counsel for discretionary appeals. *Austin v. United States*, 513 U.S. 5, 8 (1994) (per curiam), *citing Ross*, 417 U.S. at 616-17. A defendant without a constitutional right to counsel "cannot be deprived of the effective assistance of counsel." *Steele*, 518 F.3d at 988 (addressing right to counsel for certiorari petition), *quoting Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (internal quotations omitted). Because Ahumada has no constitutional right to rehearing counsel, he cannot claim ineffective assistance of counsel.

He argues the CJA, this circuit's CJA plan, or Federal Rule of Criminal Procedure 44(a) grant the right to effective assistance of counsel for petitions for rehearing. *See* **18 U.S.C. § 3006A(c)** (appointed counsel shall represent defendant "at every stage of the proceedings from his initial appearance . . . through appeal, including ancillary matters"); **Fed. R. Crim. P. 44(a)** (a defendant is entitled to counsel "at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right"); REVISION OF PART V OF THE EIGHTH CIRCUIT PLAN TO IMPLEMENT THE CRIMINAL JUSTICE ACT OF 1964, https://ecf.ca8.uscourts.gov/newrules/coa/Plan_V_Revision.pdf (last visited Apr. 19, 2021) (counsel "must" file petition for rehearing if defendant requests it and there are reasonable grounds to do so). While these "may well embody the congressional judgment as to what representation to afford defendants, [they are] not a statement of what the Constitution requires." *See Steele*, 518 F.3d at 988; *Walker v. United States*, 810 F.3d 568, 576 (8th Cir. 2016) (following *Steele*). *Cf. Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) ("Respondent apparently believes that a 'right to counsel' can have only one meaning, no matter what the source of that right. . . . Rather, it is the source of that right to a lawyer's assistance, combined with the nature of the proceedings, that controls the constitutional question.").

"The alleged breach of the provisions of our [CJA] plan and Rule 44(a) did not deprive [the defendant] of due process of law and did not give rise to a claim for

ineffective representation of counsel." *Steele*, 518 F.3d at 988. A constitutional right is required before Ahumada can be deprived of ineffective representation of counsel. *See id.* Even assuming there was a breach of the statute, the CJA, it does not give rise to a claim for ineffective representation of counsel. *Compare Jackson*, 217 F.3d at 364-65 (no constitutional right to counsel for petition for rehearing); *McNeal*, 54 F.3d at 776, \*2 (same), *with Taylor v. United States*, 822 F.3d 84, 90 (2d Cir. 2016) (holding "that the CJA entitles defendants to representation in filing non-frivolous petitions for rehearing and rehearing *en banc*," but not addressing constitutional grounds); *United States v. Howell*, 37 F.3d 1207, 1209 (7th Cir. 1994) (the CJA, CJA plan, and Rule 44 "make it clear that the defendant in a direct criminal appeal has the right to have the continued representation of appointed counsel throughout the course of the appeal, including the filing of post-opinion pleadings in the court of appeals"), *citing Wilkins v. United States*, 441 U.S. 468, 470 (1979) (per curiam) (explaining that appointed counsel's failure to file certiorari petition violated Third Circuit's CJA plan, but not addressing constitutional grounds); *Doherty v. United States*, 404 U.S. 28, 29 (1971) (per curiam) (remanding to appellate court to consider defendant's statutory right to counsel under CJA when filing a petition for writ of certiorari); *Schreiner v. United States*, 404 U.S. 67, 67 (1971) (per curiam) (same).

The district court properly denied Ahumada's § 2255 motion.

\* \* \* \* \* \* \*

The judgment is affirmed.

———————————————

-4-